IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANDI BAILEY | § | |
| | § | |
| vs. | § | CASE NO.  2:07cv316 |
| | § | |
| WAL-MART STORES, INC. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **ANDI BAILEY**, hereinafter called "Plaintiff", complaining of **WAL-MART STORES, INC.,** hereinafter called "Defendant", and would show the Court as follows:

**I.**

**PARTIES**

1. Plaintiff resides in Paris, Lamar County, Texas.

2. Defendant, Wal-Mart Stores, Inc. is a Corporation who may be served process through certified mail, return receipt requested by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas   75201.

**II.**

**VENUE**

3. This Court has jurisdiction in this case because Plaintiff is a citizen of the State of Texas and Defendant is a corporation with it principal place of business located in the State of Arkansas and it is a citizen of the State of Arkansas;  therefore, there is complete diversity of citizenship.  This Court has jurisdiction over this matter in accordance with 28 U.S.C. §1332(a) and the matter in controversy exceeds $75,000.00, exclusive of costs and interest.

4.      Venue is properly placed in the Eastern District of Texas.  The wrongful acts committed by the Defendant occurred in the Eastern District of Texas.

## III.

## BACKGROUND

5.      Plaintiff was wrongfully terminated by Defendant on May 24, 2007.   Up until that time, she had been employed by Defendant for approximately four (4) years.   On or about May 7, 2007, an attorney representing Defendant in a slip and fall case called the Plaintiff to discuss her testimony which she would be called on to give in that case.    The attorney told her that he needed for her to say that she did not call maintenance when she observed a foreign substance on the floor before the plaintiff in the slip and fall case had fallen as a result of stepping in the substance.   The Plaintiff told the attorney that she could not give that kind of testimony because it was not true.    She told him that she had in fact called maintenance but that maintenance had not come and had not responded to her call and it was after she had called maintenance that the plaintiff had slipped, fell and injured herself.   She also informed the attorney that she had told the lady who fell that she had called maintenance.   On May 11, 2007, Plaintiff had called in and told her immediate supervisor that she was sick with a virus and that she needed to stay at home.   She was given permission to miss work on that Friday.   On Monday, May 14, 2007, she called in and stated that her child was now sick.    She again was given permission to stay home.         When she attempted to return to work as stated above, her employment was terminated.   The reason given for her termination was that she had been absent from work without permission.    The reason given was not true because she had been given permission on both occasions to miss work because of her illness as well as her child's illness.

## IV.

## CAUSE OF ACTION

6. Plaintiff alleges that she was wrongfully terminated because she refused to tell a lie under oath and commit perjury as requested by Wal Mart's attorney. Such action by Wal Mart violates the doctrine established by the Supreme Court of Texas in the case of *Sabine Pilot vs. Hauck,* 687 S.W.2d 733 (Tex. 1985). Plaintiff further alleges that the reason given for her termination was pretextual because she complied with the policies of her employer by requesting permission to miss work.

## V.

## DAMAGES

7. Plaintiff alleges that she lost her employment as a result of her wrongful termination. Her damages include lost wages, past and future, and mental anguish, embarrassment, humiliation, both past and future, all resulting from her being wrongfully terminated from her employment.

## VI.

## PUNITIVE DAMAGES

8. Plaintiff further alleges that the malicious termination of her employment because she refused to commit a criminal act entitles her to recover punitive damages which she alleges to be in excess of $1,000,000.00.

9. Plaintiff requests the Court to award her both prejudgment and postjudgment interest.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Court, upon final hearing, to render judgment for her and against Defendant equal to the damages found by the jury and for such other relief to which she may be entitled.

Respectfully submitted,

**CLARK, LEA & PORTER**
P.O. Box 98
Tyler, Texas  75710
903.593.2514 Telephone
903.595.1294 Facsimile


/s/   Charles H. Clark
Charles H. Clark
State Bar No. 04274000

Gregory S. Porter
State Bar No. 24002785

ATTORNEYS FOR PLAINTIFF